IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JANET AKKERHUIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:21-MC-09007-MDH |
| | ) |
| MISSOURI DEPARTMENT OF SOCIAL | ) |
| SERVICES CHILDREN'S DIVISION., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's pro se Motion for Order Confirming Arbitration Award. (Doc. 1). Defendant Missouri Department of Social Services Children's Division ("DSS") filed a Motion to Dismiss the above-captioned case. (Doc. 8). Plaintiff did not timely file a response to DSS's motion and has not responded as of the date of this order. For the reasons set forth herein, the Court finds DSS's Motion to Dismiss well taken and **GRANTED**. The above-captioned case is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Accordingly, Plaintiff's pro se Motion for Order Confirming Arbitration Award is **DENIED**.

## BACKGROUND

Plaintiff alleges that on July 2, 2021, she and DSS entered into a "conditional contract" with DSS. (Doc. 1 at 3). DSS contends that it did not sign this document; in fact, it does not even include a spot for the agency's signature. (Doc. 1-1 at 31).

This purported contract contains numerous "proof of claim" statements, including that DSS colluded with an "administrative court operating under color of law, and in a not-of-record proceeding in equity to take my child/ren from [him] is a form of fraud and therefore a form of kidnapping." (Doc. 1-1). The document states that if DSS does not answer Plaintiff's claim

1

statements within 72 hours, a contract would form immediately. (Doc. 1-1, ¶¶ 15-19). Then, DSS must dismiss several juvenile court cases against Plaintiff, return Plaintiff's children to him, remove Plaintiff's name from Missouri's central registry of child abuse and neglect, and pay Plaintiff $100,000 per day until DSS takes those steps. (*Id.*, ¶ 29).

The "conditional contract" contains a mandatory arbitration clause professing to govern disputes under the document's terms. (Doc. 1-1, ¶¶ 50-78). When DSS did not sign the document, Plaintiff then went to an entity called "Online Contract Arbitration (OCA)" to "enforce" his claims against the agency, ultimately procuring an allegedly fictitious arbitration award on July 19, 2021. (Doc. 1-2). The "award" states that notice of arbitration was sent to an email address that does not belong to DSS. (Doc. 1-2 at 3). The award orders DSS to pay Plaintiff at least $900,000 and take the actions Plaintiff demanded in the purported contract. (*Id.* at 15-16).

Plaintiff's lawsuit now asks this Court to confirm OCA's arbitration award. She contends this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because "the subject matter of this dispute is between citizens of the same state and the amount in controversy exceeds $75,000, exclusive of interest and costs." (Doc. 1 at 1).

**STANDARD**

When reviewing a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the non-moving party receives the same protections as it would were the Court considering a motion under Rule 12(b)(6). *Osborn v. United States*, 918 F.2d 724, 729 at n.6 (8th Cir. 1990). This Court can assess jurisdiction on the face of a complaint, and it is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

The Federal Arbitration Act (FAA) itself does not confer subject matter jurisdiction over a dispute. Rather, the FAA "requir[es] an independent jurisdictional basis," *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008), which can include "either a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332(a)," *Northport Health Servs. of Arkansas, LLC v. Rutherford*, 605 F.3d 483, 486 (8th Cir. 2010). The party seeking federal jurisdiction bears the burden to demonstrate that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992) (internal citations omitted). Similarly, Eleventh Amendment sovereign immunity can defeat subject matter jurisdiction and is typically reviewed under Rule 12(b)(1). *See Roe v. Nebraska*, 861 F.3d 785, 789 (8th Cir. 2017); *Keselyak v. Curators of the Univ. of Missouri*, 200 F. Supp. 3d 849, 853 (W.D. Mo. 2016) ("Sovereign immunity is a jurisdictional, threshold matter that is properly addressed under Rule 12(b)(1).").

## DISCUSSION

Under Rule 12(b)(1), a court must dismiss an action if it lacks subject matter jurisdiction. The party suing must establish jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The only statutory basis Plaintiff asserts for subject matter jurisdiction is 28 U.S.C. § 1332(a). (Doc. 1 a 1). To establish jurisdiction under that statute, a plaintiff must properly allege diversity of citizenship between the parties and an amount in controversy of at least $75,000. 28 U.S.C. § 1332(a)(1). From the face of the Complaint, this Court must dismiss this case under Rule 12(b)(1).

Even if this Court takes Plaintiff's asserted contract and arbitration award as setting forth a plausible basis to satisfy the amount-in-controversy requirement, there is no diversity of citizenship. Defendant DSS is a Missouri state agency; Plaintiff is a Missouri resident. The Complaint concedes this, stating "this dispute is between citizens of the same state." (Doc. 1 at 1).

Plaintiff has alleged no other "independent jurisdictional basis," and the FAA itself "does not create independent subject-matter jurisdiction on its own." *Nelson v. Jackson*, 855 F. App'x 653, 654 (11th Cir. 2021) (lack of diversity in another sham arbitration enforcement case); *see also Rutherford*, 605 F.3d at 486. Therefore, the Court finds that it lacks subject matter jurisdiction over the above-captioned case.

## CONCLUSION

For the foregoing reasons, Defendant DSS's Motion to Dismiss (Doc. 8) is **GRANTED**. The above-captioned case is dismissed without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Accordingly, Plaintiff's pro se Motion for Order Confirming Arbitration Award (Doc. 1) is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 9, 2021  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**